very complicated issues and we very much appreciate the careful analysis and thoughtful arguments you've offered us. We're greatly appreciative that we'll take this under advisement. So why don't we turn to the third case on our argument calendar today, United States versus Lockett 20-939CR and we have let's see, Mr. McLaughlin, are you here for the appellant? Yes, Your Honor. And then do we have, is it Mr. Lichtenberg? Am I pronouncing that right for the appellee? Yes, Your Honor, I'm here. It's Lichtenberg. Good morning. I'm sorry about that. No problem. You're not the first. Well, that's why I ask. The odds are always good that I'm gonna make a mistake. So you can both hear each other, I trust? Correct, Your Honor. Yes, Your Honor. Okay, so Mr. McLaughlin, you have ten minutes of which you have reserved three minutes for rebuttal, is that right? Yes. So why don't we proceed on, if you could please start for Mr. Lockett. Thank you, Your Honor. Again, Devin McLaughlin representing defendant appellant Richard Lockett. Our position, Your Honor, is that Mr. Lockett's sentence is procedurally unreasonable because the court relied on unproven allegations of domestic violence. Mr. Lockett was charged, probation brought a violation complaint against him. It had eight specifications, six of which dealt with the domestic violence allegations. The resolution of that was he agreed to plead to specification number eight, which was a resisting arrest allegation for which he was charged. So clearly the violation revocation was limited to specification number eight, not domestic violence. Despite that, the government in its presentation at sentencing spent a substantial amount of time, you know, eight plus transcript pages by my count anyway, going through the gory details of the domestic violence. And I think it's fair to characterize that it was the heart of their sentencing argument in terms of why the maximum sentence of one year should be imposed on Mr. Lockett. The operative question then becomes, did the court rely on those unproven allegations? And the court clearly, and we concede, disclaimed reliance on it in a couple portions of the sentencing transcript. But when you look closely at the sentencing transcript, it does show reliance, Your Honors. And specifically, I'm looking at pages 35 and 36 of the appendix. In the context of Judge Seibel pronouncing the maximum 12-month sentence, the references she makes clearly are to the domestic violence charges. And she makes references to being concerned Mr. Lockett is going to harm other people. Submit that can't be a reference to anything, frankly, other than the domestic violence charge. And more specifically, she says, I understand why the victim in this case is afraid of Mr. Lockett. Well, the victim in this case, the domestic violence charges, again, were not tried, adjudicated, admitted to. And so when the judge says the victim in this case, that shows us, in fact, what is going on in her mind, at least in part, when she goes ahead and imposes a sentence. So for that reason... This is Judge Jacobs. Am I correct that we are reviewing this as a plain error? Our perspective, Your Honor, is that it is not, that it was preserved. The Defense Counsel, after the government's lengthy reliance on the domestic violence charges, started out his argument by saying that it would be improper for there to be reliance on it. And from our position, Your Honor, that that which is, again, at the outset of his argument, page 29 of the, sorry, 45 of the appendix, should be sufficient to take us out of plain error land. Counsel, would you be able to address the question of why the appeal is not moved? Is it not true that Mr. Lockett's entire one-year term of no subsequent period of supervised release imposed? That's correct, Your Honor. And the government raised two arguments for mootness. And I appreciate the research they did because they pointed us to the Williams case and footnote one of the Williams case. And because of the unique factual posture of Mr. Lockett's case, it falls squarely within what the court considered to make a case not moot under Williams. Specifically, while Mr. Lockett was serving the supervised release year sentence, he ended up being arrested on another federal sentence for a two, sorry, another federal charge, 2017, escape charge. And so he was detained on that charge starting in August of 2020. And his supervised release term sentence didn't expire till if the court agreed that the judge relied on impermissible considerations and remanded and if the judge then gave a shorter sentence, then that would increase the chances of that time spent in jail from August 20 to November 20 being credited against what he's going to get for his escape charge sentence. And that's what it says in Williams footnote one, Your Honor. Can you clarify for me? He was saying he was arrested. I thought he was prison and he wouldn't have been arrested while in prison, right? I mean, they might have lodged an arrest warrant as a detainer, which could have been executed upon his release. But but I may be remembering something differently. So was I'm sorry, was he actually arrested? So your honor, he was he was in jail. So it was not the the lay consideration of them going out putting handcuffs on him and throwing him back in jail. He was already in jail. But the and I haven't looked at the docket as closely as I could in the escape charge. But and maybe the government has. But it's my understanding that the charge was initiated. The detainer imposed and there would be arguments made for credit for that time if he wasn't given credit against another sentence, i.e. the revocation sentence that he was serving. So no, that's what I'm trying to understand. He was serving his prison sentence for the violation of supervised release. So I guess I'm not quite sure how he would have been in some sort of pretrial detention mode at that point, instead of having simply an arrest warrant lodged as a detainer, so that in the event of his release, had things gone properly, he would have then been taken into custody and placed into pretrial detention. But that's not the situation I thought actually occurred. And what I would respond with your honor is that looking at photo one of Williams for 67 Fed appendix 59. The fact pattern is exactly the same. Mr. Williams was serving his supervised release sentence, which he was arguing was improper. While that was pending. There were additional charges filed against him while he was serving a sentence. That's the same thing that happened here. And under continuity of, there you have continuity of custody. So then what happens under 3585, right, is that they all merge into one, when you have multiple sentences that are all being served, you know, consecutively, that you can't ever find the point where one starts and one ends and you can, you can he will will move the date back or forward of when the second sentence starts. But when you don't have contiguity of the two sentences, you're not in the Williams situation. I mean, your fellow was, I guess, released accidentally, it sounds like from the brief. And in some respects, that was good. And he got to go on the lam for a while. And in some respects, it turns out it was bad for him, because now you don't have a single aggregate term or parsed out under 3585. Right. Thank you. I'm looking at the footnote one and Williams. And sorry if I'm missing the point because in Williams, he was serving a 21 month sentence for the supervised released problem the same way my guy was serving 12 months for his supervised release problem. While serving that single individual and only sentence, Mr. Williams had charges filed against him, he had not yet been sentenced on those that was going to be an eventual sentence, which is the same thing I have with Mr. Lockett. He hasn't yet been sentenced on the escape charges, which frankly came from 2017. I mean, there's a little bit of the accidental release in November 20. But the underlying charge of the new charges from a November 7 2017 incident. So again, Your Honor, it appears that it's 100% on all fours with Williams in terms of how we add these up. And if it turned out that the 12 month sentence should have been a six month sentence, then the time that he's sitting in jail increases the likelihood that he will get credited against that on his prison sentence for the escape 2017 charge is my understanding of how that would sugar off. And so that so and I think that the government in its letter submitted to the court in February, I think it's effectively walked away from that aspect of mootness. I think their principle mootness claim is that there's no remote possibility that Judge Seibel will give him less than a year even if she correctly considered the appropriate factors. I think that's the mootness argument that exists. And my response to that, Your Honors is that she certainly makes statements indicating that she would like to give him more time, but I would just point the court to the context of those statements. And the context of those statements, again, revolves around her concern that he may commit violence to his victim in this crime. Again, if that is corrected, that the domestic violence can't be considered, then maybe she'll go ahead and do something different. Obviously, there's no guarantee is one way or another, but I wouldn't read her comments. The comments need to be read and read in the context of what she was saying. So thank you. Thank you very much. Why don't we turn to the government? Mr. Lightenberg, you have 10 minutes. Would you like to proceed? Yes, Your Honor. Thank you. May it please the court. My name is Jim Lightenberg, and I'm an assistant United States attorney in the Southern District of New York. I represent the United States in this appeal, and I represented the United States in the court below. This is an appeal of a sentence that has already expired. Mr. Lockett completed the challenge sentence more than four months ago. As a result, he has nothing to gain from a favorable decision here. It is impossible for this court to redress Mr. Lockett's alleged injury. The case is therefore moot and must be dismissed. And I'll just address at the outset the argument regarding the escape case and explain why it is extremely speculative that the defendant would have any benefit in that case based on what this court decides. And first is the reason Mr. McLaughlin referred to, which is that Judge Cybel in her decision in the transcript made absolutely clear that she was imposing the maximum sentence that she wished she could impose a greater sentence. And that's in conjunction with her saying she was imposing that sentence. So if this case were remanded to her, it's very clear what would happen. She would again disregard the domestic violence allegations and impose a 12-month sentence, the same sentence as last time. But there's even more reason to think that the prospect of the defendant getting any benefit from a favorable decision here is speculative. And that is because it's speculative that he would receive anything greater than time served on the pending escape case. And I'll just provide the court with some more information about that case, because some of that happened, you know, after the briefs were filed. But that case is 21 CR 15. It's been wheeled out to Judge Karras. And notably, in terms of how that case has progressed, there came a point where the parties had reached a plea agreement. And due to the COVID pandemic, it was dangerous to do such a plea in person. So as the court knows, if the elements of the CARES Act are satisfied, then the plea can go forward remotely. One necessary finding for the plea to go forward remotely is that the plea cannot be further delayed without serious harm to the interests of defense counsel's request for a CARES Act finding was the possibility that that Mr. Lockett would receive a time served sentence on that escape case. And, and Judge Karras granted the CARES Act finding on that basis. So I think from those particular facts, there is, you know, Judge Karras concluded a time served sentence was likely enough that the plea could not be further delayed without serious harm to the interests of justice. Our counsel, are we reviewing for plain error, your brief argues that we are? Yes, Your Honor, but I don't think the court has to decide that issue. Because regardless of, you know, whether it's plain error or harmless error, it's very clear that any alleged error is harmless here, because Judge Seibel would clearly have imposed the same sentence, regardless of any alleged reliance on the domestic violence allegations. Thank you. Unless there are additional questions or the court would like me to address the merits, the government's happy to rest on the submission. Thank you. Thank you very much, Mr. Lightenberg. We'll hear from Mr. McLaughlin. You've reserved three minutes for rebuttal. Just briefly, Your Honor, obviously, I hope on behalf of my client, he gets a time served sentence. I don't practice in that district, so I don't have the insights that Mr. Lightenberg does. But everything I heard sounded like speculation as to what he's going to get and knock on wood he does. So I don't think that changes the calculus under the Williams footnote one. Thank you. Okay. Thank you very much to both of you. It's very helpful oral arguments. We have two additional cases on the calendar today that are on submission. That's 20-840 CR, United States versus Al-Riashi and 19-271 CR, United States versus Barnes. We are taking those under submission and that wraps up our calendar for the day. Let me thank not just counsel for their participation in this remote argument, but also our courtroom staff, our courtroom deputy and our I.T. staff for making the trains run on time. So we're very grateful to that assistance. And on that note, I would ask Ms. Rodriguez to adjourn the court for today. Correspondence adjourned.